# Rogers *versus* Whiteley.

*Errors assigned must appear on the Record.*

The Supreme Court will not review the decision of the court below, dis-
charging a rule taken to stay an execution, on the ground that the debt due
by the judgment was attached in the defendant's hands, where the record of
the attachment was not brought up with the writ, nor so pleaded as to make
it a part of the record ; nor will they review a decision where the question
raised by the rule was submitted to the discretion of the court below.

ERROR to the District Court of *Philadelphia*.

The case was this : An action was commenced in the District
Court, by George Whiteley *v.* Peter Rogers, on a promissory
note ; judgment obtained by default, and execution issued thereon.

At the same time there was pending a judgment in the same
court on a judgment-note given by *another George Whiteley* to
Andrew J. Gorden.

The counsel for Gorden, believing that George Whiteley in
both cases was one and the same person, issued an attachment-
execution against George Whiteley, defendant, and summoned
Peter Rogers as garnishee.

A rule was then taken by the counsel of Rogers, to stay

[Rogers *v.* Whiteley.]

Whiteley's execution, upon the ground "that he had become liable to pay to the said Andrew J. Gorden all moneys in his hands belonging to the said George Whiteley, and that the said Whiteley has no right to proceed with the above suit and execution, *so long as the said attachment is pending and undetermined.*"

The rule was argued before a full bench and dismissed, the judges agreeing that the execution should issue, the money be paid into court and held until it was determined to whom it should be paid over.

Whereupon Rogers sued out this writ in the case of Whiteley *v.* Rogers, assigning the decision of the court below for error.

The opinion of the court was delivered, January 28th 1861, by

LOWRIE, C. J.—This writ of error brings up the record only in this one case, and on reviewing it we discover no error. There is a judgment and an execution according to it, and this seems very regular. There was a rule taken to stay the execution, and it was discharged; and this record does not reveal to us any error in this.

It is said that the rule was taken because, by a proceeding in another case, the debt due by this record was attached in the hands of the defendant below. But the record of the attachment is not brought here by this writ, and is not in any way pleaded so as to make it a part of the record in error. How, then, can we notice it?

Considering all that is properly before us on our paper-book, we must presume that the question raised by the rule was intended to be submitted to the discretion of the court below, which is usually a very safe way of proceeding. It has not been tried in a way that we review here on a writ of error.

Judgment and execution affirmed.